Singh v. Garland

BIA
A205 934 797

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of July, two thousand twenty-three.

PRESENT:
>    DENNIS JACOBS,
>    JOSEPH F. BIANCO,
>    MYRNA PÉREZ,
>        *Circuit Judges.*

_____

BIKRAMJIT SINGH,
>        *Petitioner,*

>    **v.**                                                     **21-6362**
>                                                               **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

**FOR PETITIONER:**   Jaspreet Singh, Esq., Richmond Hill, NY.

**FOR RESPONDENT:**   Brian Boynton, Principal Deputy Assistant Attorney General; Timothy G. Hayes, Senior Litigation Counsel; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bikramjit Singh, a native and citizen of India, seeks review of a June 7, 2021, decision of the BIA denying his motion to reopen his removal proceedings. *In re Bikramjit Singh*, No. A205 934 797 (B.I.A. June 7, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). A noncitizen may file one motion to reopen no later than 90 days after the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Singh does not dispute that his 2018 motion was untimely to reopen his case, which the BIA decided in 2015. He argues, however, that he merited an exception to the deadline based on changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii)

("There is no time limit on the filing of a motion to reopen if the basis of the motion is . . . changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings."); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). "When reviewing whether Petitioner['s] evidence established changed country conditions, the BIA must 'compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.'" *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (quoting *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007)).

We deny the petition because Singh has failed to present evidence of changed country conditions. Singh alleged that the police beat and detained his father while looking for him because of his past political activities. This allegation did not identify a material change in conditions in India but rather proffered evidence of a continuation of the alleged conditions underlying his original claim. *See In re S-Y-G-*, 24 I. & N. Dec. at 257 ("[c]hange that is incremental or incidental" does not constitute changed country conditions to excuse late motions to reopen). In support of this allegation, Singh also provided reports discussing human rights

3

violations against Sikhs in India. But this evidence does not "point[] toward a conclusion contrary to that reached by the BIA." *Tanusantoso*, 962 F.3d at 699. The reports likewise merely reflect a continuation of the circumstances briefed in the petitioner's original proceeding.

Moreover, "to prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied based on an adverse credibility finding . . . the [movant] must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible." *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (B.I.A. 2020). Singh's conclusory statements do not overcome the prior determination and, as discussed above, his claims are a continuation of the same claims made previously. Singh was found not credible as to the underlying claim and did not rebut that determination. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (finding BIA did not abuse discretion in holding "evidence submitted by petitioner in support of her motion was not material because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application." (internal quotation marks omitted)). The BIA was also not required to credit Singh's new allegation or his father's affidavit. *See Qin Wen Zheng v.*

4

*Gonzales*, 500 F.3d 143, 146–47 (2d Cir. 2007) (finding no error in BIA's decision not to credit a document submitted with a motion to reopen where the petitioner was previously found not credible).

We have considered Singh's remaining arguments and find them to be without merit.   For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court